Dana TURNER, Plaintiff–counter–
defendant—Appellee,

v.

State of OREGON, Acting by and
through the Department of Justice,
Plaintiff–intervenor—Appellee,

David E. Hallberg, Defendant–third–
party–plaintiff—Appellant,

and

Nora A. Mullane, Defendant–
third–party–plaintiff,

v.

City of Portland, Third–party–
defendant—Appellee.

Nos. 06–35756, 06–36015.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 25, 2008.

Filed Sept. 3, 2008.

Charles J. Merten, Esquire, Law Office
of Charles J. Merten, Portland, OR, for
Plaintiff–counter–defendant–Appellee.

Michael W. Grant, Marilyn K. Odell, Es-
quire, Office of the Oregon Attorney Gen-
eral, Salem, OR, for Plaintiff–intervenor–
Appellee.

Kevin Keaney, Kevin Keaney PC, Port-
land, OR, for Defendant–third–party–
plaintiff–Appellant.

Harry Auerbach, Chief Deputy City,
David A. Landrum, Esquire, Office Of The
City Attorney, Portland, OR, for Third–
party–defendant–Appellee.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedures are known to the parties and we do not repeat them here. David Hallberg appeals two judgments entered against him in favor of Dana Turner and the City of Portland. Hallberg presents a myriad of challenges on appeal, arguing that (1) the statute of limitations bars Turner's claims, (2) Turner produced insufficient evidence to prove causation, (3) Turner produced insufficient evidence to prove an equal protection violation, (4) Turner produced insufficient evidence to establish interference with contract, (5) Turner produced insufficient evidence to establish outrageous conduct, (6) Turner produced insufficient evidence to prove economic damages, (7) Hallberg is entitled to qualified immunity, (8) the district court should not have awarded punitive damages, (9) Hallberg was entitled to defense and immunity from the City of Portland, and (10) Turner was not entitled to attorney's fees. For the reasons set forth below, we now affirm.

Hallberg's main argument is that the statute of limitations bars Turner's claims because her cause of action accrued prior to February 2002. We review de novo a district court's decisions regarding accrual of the statute of limitations and whether a claim is barred by the statute of limitations. *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir.2007). Oregon's two year statute of limitations, Or.Rev. Stat. § 12.110(1), governs both the § 1983 claims and the Oregon tort claims before the court; however, federal law applies for determining when the § 1983 claims began

to accrue. *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir.2004).

Under Oregon law, the statute of limitations does not accrue until the plaintiff discovers or should have discovered her injury. *Berry v. Branner,* 245 Or. 307, 421 P.2d 996, 1000 (1966). Contrary to Hallberg's assertions, the Oregon courts do apply a "discovery rule" under § 12.110(1). *Spirit Partners, LP v. Stoel Rives LLP,* 212 Or.App. 295, 157 P.3d 1194, 1201–02 (2007). "Injury" in this context consists of "(1) harm; (2) causation; and (3) tortious conduct." *Gaston v. Parsons,* 318 Or. 247, 864 P.2d 1319, 1323 (1994). "Tortious conduct" means that the plaintiff "has wrongfully been harmed by the conduct of another." *Id.* at 1323 n. 8.

Under federal law, an action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). In other words, an action accrues "when the plaintiff has a complete and present cause of action," such that "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. Of Cal.,* 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997) (internal quotations omitted).

The statute of limitations only began to accrue when Turner discovered, or should have discovered, that Hallberg's conduct was not merely legitimate enforcement of the law, but tortious and actionable conduct. Turner could not have made this discovery any earlier than March 2002, when she saw Hallberg at her eviction and a realtor informed her that Hallberg had an interest in purchasing the property. Because Turner filed her claims on Febru-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ary 25, 2004, the district court correctly concluded that her action is not barred by the two-year statute of limitations.

With regard to Hallberg's arguments addressing the sufficiency of evidence, Turner introduced ample evidence at trial to permit the jury to make the following reasonable conclusions: Hallberg's actions caused Turner to lose her home, Hallberg violated Turner's right to equal protection under the law in light of *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), Hallberg interfered with Turner's economic relations with her lender, Hallberg's conduct was outrageous under Oregon law for purposes of establishing intentional infliction of emotional distress, and Hallberg caused Turner to suffer economic damages. Thus, the district court did not err with regard to the sufficiency of evidence on any of the challenged grounds.

The remainder of Hallberg's arguments are without merit. He is not entitled to qualified immunity because he violated Turner's right to equal protection—a right established before he began his conduct in April 2000—and a reasonable inspector would have understood that issuing repeated citations with the intent to dispossess someone of her property would violate constitutional liberties. *See Whitaker v. Garcetti,* 486 F.3d 572, 581 (9th Cir.2007). Turner introduced sufficient evidence to allow the jury to make an award of punitive damages, *see Fair Hous. of Marin v. Combs,* 285 F.3d 899, 907 (9th Cir.2002), and the amount awarded falls within constitutional limits, *see State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). The City of Portland was not required to provide defense and indemnity because Hallberg's conduct constituted malfeasance in office. *See* Or.Rev.Stat. § 30.287. Finally, the attorney's fees awarded by the district court were reasonable under 42 U.S.C. § 1988(b).

Accordingly, we **AFFIRM** the judgments.